Olaf RASBERG, Plaintiff,

v.

**NATIONWIDE LIFE INSURANCE COMPANY, Defendant.**

No. C–2–84–628.

United States District Court,
S.D. Ohio, E.D.

May 1, 1987.

Robert M. Sanders, Reynoldsburg, Ohio, for plaintiff.

Jeffrey S. Goldman, Andrew J. Fisher, Fox and Grove, Chartered, Chicago, Ill., Lucinda Reynolds, McCutchan, Schmidt, Burkheimer & Druen, Columbus, Ohio, for defendant.

MEMORANDUM AND ORDER

GRAHAM, District Judge.

The present case is one brought under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, and Section 4101.17(A), Ohio Revised Code.

Nationwide Life Insurance Company, defendant herein, maintains a small fleet of jet aircraft for transporting company executives, employees and clients. Plaintiff was employed by defendant as a pilot until he reached the age of sixty-two. At that time, plaintiff was forced to retire under defendant's corporate policy of mandatory retirement for pilots upon attaining the age of sixty-two. Defendant's mandatory retirement rule falls within the ambit

---

of 29 U.S.C. § 623(a), which prohibits discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." However, defendant contends that its policy is a bona fide occupational qualification under 29 U.S.C. § 623(f)(1), thus exempting defendant from the operation of § 623(a). Defendant has filed a motion for summary judgment on that issue.

Summary judgment procedures are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.

The evidence must be viewed in the light most favorable to the party opposing summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The defense of a bona fide occupational qualification is set forth in 29 U.S.C. § 623(f)(1), which provides that it shall not be unlawful for an employer to take any action otherwise prohibited under § 623(a) "where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business."

The employer must establish that age is a bona fide occupational qualification in light of the employer's particular business. *Touhy v. Ford Motor Co.*, 675 F.2d 842 (6th Cir.1982). Under the standard set forth in *Usery v. Tamiami Trail Tours, Inc.*, 531 F.2d 224 (5th Cir.1976), as approved by the United States Supreme Court in *Western Air Lines, Inc. v. Criswell*, 472 U.S. 400, 105 S.Ct. 2743, 86 L.Ed.2d 321 (1985), the employer must show that the age limit is reasonably necessary to the essence of the business. The employer must also demonstrate that all or substantially all of the individuals excluded from the job are in fact disqualified, or that some excluded individuals possess a disqualifying trait that cannot be ascertained except by reference to age because it is impossible or highly impractical to deal with employees on an individualized basis.

> The employer must of course show a reasonable basis for its assessment of risk of injury/death. But it cannot be expected to establish this to a certainty, for certainty would require running the risk until a tragic accident would prove that the judgment was sound." *Usery v. Tamiami Trail Tours, Inc., supra* at 238.

The determination of a bona fide occupational qualification by a federal agency pursuant to its rule-making powers may be relevant to an employer in deciding whether to impose a mandatory retirement age. *Johnson v. Mayor & City Council of Baltimore*, 472 U.S. 353, 105 S.Ct. 2717, 86 L.Ed.2d 286 (1985). The extent to which the agency rule is probative would vary depending upon the congruity between the occupations at issue and the weight of the evidence supporting its safety rationale. *Id.* at 371, 105 S.Ct. at 2727.

Defendant relies on the rule adopted by the Federal Aviation Administration which establishes a mandatory retirement age of sixty for pilots of commercial airlines. See 14 C.F.R. § 121.383(c). The Department of Labor has recognized this FAA rule as a possible bona fide occupational qualification for purposes of the ADEA. 29 C.F.R. § 860.102(d). Courts have upheld an employer's implementation of a mandatory retirement age of sixty for pilots modeled after the FAA rule, holding that the FAA rule was conclusive evidence which established a bona fide occupational qualification defense as a matter of law. See *Gathercole v. Global Associates*, 727 F.2d 1485 (9th Cir.1984), cert. denied 469 U.S. 1087, 105 S.Ct. 593, 83 L.Ed.2d 702; *E.E.O.C. v. Boeing Co.*, 40 FEP Cases 292 (W.D.Wash. 1986); *E.E.O.C. v. El Paso Natural Gas Co.*, 626 F.Supp. 182 (W.D.Tex.1985).

The affidavit of Ed Radugge, vice president, general manager and chief pilot for defendant's Aviation Department, reveals that defendant employs seven pilots and maintains a fleet of four corporate jets with a carrying capacity of up to eight passengers. The aircraft fly at up to four hundred and forty miles per hour. Flights are for varying distances, under a variety of atmospheric conditions, into both large and small airports. Defendant's pilots fly into large, high density airports and utilize the air traffic control systems of those airports. Defendant's pilots also fly into small, poorly equipped airports which provide little direction and with which the pilot may be personally unfamiliar.

Plaintiff in his deposition of August 20, 1985 testified that it was very common as a pilot employed by defendant to fly into new or smaller airports. He further stated that it was necessary to be more alert for other air traffic when flying into a smaller airport where no guidance was offered by the tower.

Dr. Charles Billings, a scientist with the National Aeronautic and Space Administration, stated in his affidavits that the flight of the planes maintained by defendant was substantially similar to that of larger commercial aircraft, and that the ability and demands of pilots flying defendant's aircraft are comparable to those of commercial airline pilots. Dr. Billings indicated that flying defendant's aircraft into a large busy airport presents the same problems and task demands as flying a commercial liner into such airports, and that therefore the conditions and stresses experienced by defendant's pilots, as well as the dangers presented by incapacitation or cognitive lapse, are the same as those confronting a commercial pilot. Dr. Billings further noted that corporate pilots such as those employed by defendant fly varied routes which include large and small airports with variable or no ground and flight support apparatus. The lack of familiarity with smaller airports and the absence of ground support create problems for the corporate pilot above those faced by pilots of commercial airliners.

The court finds that there is a high degree of congruity between defendant's air operations and those of commercial airlines. In fact, the demands placed upon defendant's pilots are greater than those facing commercial pilots. The court is also in agreement with the analysis of the district court set forth in *E.E.O.C. v. Boeing Co., supra.* The court in that case noted that the FAA rule was based upon considerable evidence, reviewed as recently as April 12, 1984. *Id.* at 296–297. The court further considered the fact that the FAA had considerable expertise in the area of commercial aviation and that the rule was promulgated pursuant to standards consistent with ADEA standards for establishment of a BFOQ. *Id.* at 296–297. The FAA regulation has been upheld as valid. See e.g. *Starr v. FAA,* 589 F.2d 307 (7th Cir.1978). Therefore, the court finds that defendant's rule of mandatory retirement for pilots at age sixty-two is a bona fide occupational qualification as a matter of law.

The court further finds that even if a bona fide occupational qualification were not established by reference to the FAA regulation, summary judgment is appropriate based upon the evidence presented in this case.

As a general rule, the process of aging entails a slowing down of all bodily functions, including cognitive function. (Buffer deposition, p. 17). Aging may have an impact on pacing (the amount of time to complete a task), ability to receive and respond to stimuli, reaction time, memory, degree of attention, the ability of the eye to focus on objects at varying distances or to adjust to lower levels of illumination or glare, and the ability to understand speech in the presence of noise. (Sterns deposition, Sept. 28, 1983, p. 75; Sterns deposition, Aug. 16, 1983, pp. 118, 145, 167, 172, 173, 175; Mohler deposition, p. 110). Older people may commit more errors of omission or require more time before responding. (Mohler deposition, p. 114). Eighty percent of airline accidents are attributed to pilot error. (Mohler deposition, p. 118). Healthy people do not avoid the changes of aging. (Sterns deposition, p. 167).

Dr. Buffer expressed the opinion that the field of geriatric medicine was not advanced enough to predict on an individual basis the likelihood that a pilot who has reached the age of sixty-two will become incapacitated during a flight. (Deposition, p. 33). Dr. Sterns was unaware of any tests which could predict declines in pilot performance after a certain age, and concurred that tests of psychomotor and intellectual functions are not yet validated as predictive of the level of function of a pilot. (Feb. 11, 1986 deposition, p. 82; Aug. 16, 1983 deposition, p. 187) — Dr. Sterns further indicated that the risk of death factor in a crisis situation could not be replicated in a simulator, and that decriments in performance in older people may become apparent only in such a highly stressful situation. (Feb. 11, 1986 deposition, pp. 143–144, 146–147). Pilots have suffered disabling diseases during the period they were certified by the FAA. (Mohler deposition, p. 55).

The information before the court reveals that the aging process impacts upon mental and physical functions inherent in a pilot's performance past the age of sixty. The job qualification established by defendant is reasonably necessary to the safe transportation of defendant's passengers. The evidence further reveals that it is currently impossible or highly impractical to test for all of the various potential defects in pilot performance on an individualized basis. The excerpts from Dr. Mohler's deposition fail to contradict defendant's position that effective tests to detect all the multiple effects of aging on the performance of pilots past the age of sixty are currently unavailable. The evidence is such that a reasonable jury could not return a verdict for plaintiff. *Anderson v. Liberty Lobby, Inc., supra.*

Plaintiff has failed to demonstrate the existence of a genuine issue of material fact as to the validity of defendant's defense of a bona fide occupational qualification of mandatory retirement for pilots reaching the age of sixty-two. Defendants are entitled to summary judgment on the federal claim.

Plaintiff has also brought a cause of action under § 4101.17(A), Ohio Revised Code, as a pendent state claim. However, pendent jurisdiction is a matter of discretion, not plaintiff's right. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). A court may decline to exercise such discretion where, as here, the state law on the question has not been settled by state courts. *Foltzer v. Lodge & Shipley Co.,* 636 F. Supp. 843 (S.D. Ohio 1986). Ohio courts have not yet had the opportunity to address the issue of whether a bona fide occupational qualification exception is incorporated into the Ohio statute. Therefore, this court declines to exercise jurisdiction over the § 4101.17(A) claim.

Judgment is hereby ordered for the defendant on the federal ADEA claim. Plaintiff's claim under Ohio law is hereby dismissed without prejudice.